DECISION
This matter is before the Court for decision on the motion of plaintiff seeking to set aside a fraudulent conveyance. The facts giving rise to the instant motion are that plaintiff on May 10, 1995, obtained summary judgment against defendant for $105,000. Thereafter, on June 27, 1995, execution issued from this Court in the amount of $105,115. Execution was returned unsatisfied on October 23, 1995, and thereafter to date the aid of this Court has been sought by way of supplementary proceedings and so forth to realize with respect to said judgment. The motion to set aside was filed on April 1, 1996. Specifically, plaintiff seeks to set aside a transfer (assignment) of defendant's interest in a certain note and mortgage each dated August 13, 1993, made by Albert J. Varatta, Jr. (Varatta) covering real estate together with the buildings and improvements situated thereon located on Tiogue Avenue in the town of Coventry, County of Kent, and State of Rhode Island, which mortgage was originally recorded in the records of Land Evidence of said town of Coventry in Book 407 at page 278. Said mortgage was, from time to time thereafter, assigned to various transferees. Ultimately, by document dated September 5, 1995, and recorded on September 11, 1995, defendant herein, the original named mortgagee, assigned said note and mortgage to Trixie C. Dumas (sometimes hereinafter referred to as Daughter) in consideration of certain sums allegedly owed by defendant to Daughter by reason of certain advances from Daughter to defendant or for her benefit as hereinafter mentioned.
The plaintiff in this aspect of the case at bar seeks to invoke the provisions of title 6, chapter 16 of the Rhode Island General Laws, the Uniform Fraudulent Transfer Act, first passed by our General Assembly in 1986.[1] The Uniform Act creates a detailed statutory scheme designed to prevent debtors from putting their assets beyond the reach of those having legitimate claims against them, and under certain circumstances deems transfers of such assets to be fraudulent. In appropriate cases when fraud is found the Court is empowered to order action to thwart such fraudulent actions by such debtors.
In the context of this case the heart and guts of the Uniform Fraudulent Transfer Act is found in sections 4 and 5 thereof. Section 6-16-4 (a)(1) basically provides that a transfer by a debtor is fraudulent as to a creditor if such transfer was made with actual intent to hinder, delay, or defraud any creditor and § 6-16-5 (b) basically provides that a transfer by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made if the transfer was made to an insider on account of an antecedent debt, debtor was insolvent and the insider had reasonable cause to believe that the debtor was insolvent.
The evidence before this Court shows, and the Court finds that (1) transferee, Trixie C. Dumas, is defendant's daughter, (2) transferee, Trixie C. Dumas, had been supporting her mother, defendant, for a substantial period of time prior to and up to the dates significant herein (there was testimony that this financial assistance started prior to 1993), (3) this assistance was provided by daughter because defendant had not worked for at least five (5) years, had no assets (other than the note and mortgage the transfer of which is sought to be set aside in the instant proceedings), was a fiduciary and beneficiary of her husband's estate which was insolvent, all of which was known to said Trixie C. Dumas, (4) in 1993 defendant sold the property which is subject to the mortgage hereinbefore referred to to Varatta for an amount in excess of $175,000, taking back as part of the purchase price the note and mortgage herein referred to, (5) at the time of said sale, the property was unencumbered by a bank mortgage although defendant owed a bank $150,000 on an unsecured demand personal note. Daughter, at or about the time of the sale to Varatta, paid off said demand note for her mother having obtained the funds to make such payment by mortgaging property owned by Daughter (and her husband) situated on Shady Valley Road in Coventry.
With these facts as the background the Court will now turn to its analysis of this matter predicated upon the law.
There can be no question under the facts at bar that for the purposes of the Uniform Fraudulent Transfer Act plaintiff here is a creditor (§ 6-16-1(d)); defendant is a debtor (§6-16-1(f)); the assignment of the note and mortgage dated September 5, 1995, is a transfer (§ 6-16-1 (1)), and defendant is insolvent (§ 6-16-2 (a) and (d)).
Turning now to § 6-16-4 (a)(1), what is meant by the phrase "actual intent?" The draftsmen of the Uniform Act have set forth in § 6-16-4 (b) a nonexclusive list of 11 elements that the factfinder may turn to in order to determine if the requisite intent exists. These elements are guidelines only and the presence or absence of one or more do not absolutely mandate the finding of the presence or absence of the proscribed intent. Here the evidence discloses a transfer to a relative within the third degree of consequenity, to wit, a daughter, and thus an insider within the definition found at §§ 6-16-1(g)(1)(A) and6-16-1(k). It also should be noted that the evidence showed that the monthly mortgage payments (until otherwise ordered by this Court) continued to be paid by Varatta to defendant thus demonstrating some control by her over the asset even following the transfer. Further, the transfer to the insider incurred after judgment had been rendered for plaintiff. In addition, the asset transferred, the note and mortgage, constituted substantially all of defendant's assets. Predicated upon the overwhelming weight of evidence this Court is justified in finding, as it does, that the transfer by assignment of the note and mortgage was with the actual intent to hinder, delay or defraud plaintiff in his efforts to affect collection of the judgment which theretofore he had received and was (within the contemplation of § -16-4 (a)(1)) fraudulent as to him.
Similarly, when the facts are reviewed in the context of § 6-16-5 (b) it is clear that plaintiff's claim arose long before the transfer by defendant (debtor) to her daughter (insider) at a time when defendant was insolvent, the daughter was supporting her mother (had reasonable cause to believe that her mother was insolvent) and was in consideration of an antecedent debt (in large part the obligation, if any, of defendant to repay Daughter the $150,000 used to retire the demand note hereinbefore referred to as well as monies delivered by Daughter to defendant to pay her monthly expenses). Clearly under § 6-16-5 (b) the transfer here complained of by plaintiff was fraudulent as to him.
The Court, having found that the transfer here sought to be set aside was fraudulent under both §§ 6-16-4 (a)(1) and6-16-5 (b), now must turn to § 6-16-7 in order to order an appropriate remedy so as to thwart defendant's fraudulent action. The Court notes that plaintiff, in his memoranda in support of his motion to set aside a fraudulent conveyance, asks the Court to directly award plaintiff the aforementioned note and mortgage in satisfaction of his judgment. The Court notes that its review of Section 7 precludes it from so ordering. Section 6-16-7 is divided into two (2) subsections, § 6-16-7 (a) when properly invoked authorizes the Court to award: "(C) any other relief the circumstances may require."; however, in the Court's view, reference to § 6-16-7 (a) requires an independent legal proceeding. That subsection starts out: "(a) in an action for relief . . .", here plaintiff did not bring a separate civil action but rather proceeded in his original civil action by way of a motion to set aside a fraudulent conveyance. The Court has noted that plaintiff's motion to set aside purports to invoke the provisions of our Rule 18 (R.C.P.). This Court does not believe that the mentioned Rule is of assistance to plaintiff post judgment as here, but rather is applicable and permits joinder of claims at the pleading stage. 6A C. A. Wright, A. R. Miller M. K. Kane, Federal Practice and Procedure § 1591 at 564 (2d ed. 1990). Accordingly, in light of plaintiff's failure to file a separate proceeding, this Court is constrained to order the remedy authorized pursuant to the provisions of § 6-16-7 (b) which apparently does not require a separate action and thus the Court will order that plaintiff, acting through the Sheriff of Kent County, may levy execution against the note and mortgage hereinbefore referred to. The transfer hereby is set aside as a fraudulent transfer as to this plaintiff.
Plaintiff's counsel is directed to prepare and present an Order consistent with this Decision and providing that the Sheriff of Kent County shall levy upon said note and mortgage and further providing that a copy of the Order (and/or of this Decision) may be recorded in the Land Records of the Town of Coventry. The Order shall be settled upon notice to opposing counsel.
[1] Prior to that time Rhode Island law in this area was governed by the old Fraudulent Conveyance Law.